IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| JAMES WATSON,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>STATE OF MONTANA, MONTANA DEPARTMENT OF CORRECTIONS, MONTANA STATE PRISON, WARDEN MICHAEL MAHONEY, UNIT MANAGER PAUL LUCIER, DAVID SCHAEFER, BOB JONES, and JOHN and JANE DOES 1-40,<br><br>　　　　Defendants. | CV-04-16-H-CSO<br><br><br>**ORDER** |

On January 23, 2006, Robert L. Stephens, Jr., ("Stephens") filed a Motion to Withdraw as Counsel of Record and Request to Vacate Scheduling Order Pending Substitution of Counsel (*Court's Doc. No. 53*).  Stephens indicates that personal and health reasons have made it impossible for him to continue as lead counsel.  On January 24, 2006, Defendants filed a response (*Court's Doc. No. 55*) to Stephens' motion.

This motion is governed by L.R. 83.9.  L.R. 83.9(a) provides that:

> [N]o attorney may withdraw from any case, civil or criminal, except by leave of Court after filing a motion to withdraw and:
>
> 　　(1) serving notice on both the attorney's

>     client(s) and opposing counsel and showing
>     good cause, <u>or</u>
>
>     (2) attaching to the motion as an exhibit the
>     client's written consent to the withdrawal,
>     signed by the attorney and the client(s).

L.R. 83.9(a) (emphasis added).  In his motion, Stephens includes a Certificate of Service indicating that the motion "was duly served by mail upon all opposing attorneys of record[.]"  There is no indication, however, that notice was also served upon his client.  Accordingly, the motion fails to comply with L.R. 83.9(a)(1).

The motion also fails to comply with L.R. 83.9(a)(2).  Plaintiff's written consent to the withdrawal was not attached to the motion, as required by the rule.  On January 27, 2006, Consent to Withdrawal as Counsel of Record (*Court's Doc. No. 56*) was filed with Plaintiff James Watson's signature.  L.R. 83.9(a)(2), however, expressly requires that the client's written consent to withdrawal must be signed by the client <u>and</u> the attorney.[1]

The motion to withdraw does not mention L.R. 83.9(b), which provides:

>     When an attorney of record for any reason ceases to act for
>     a party, the party must <u>immediately</u> retain another attorney
>     or appear pro se.  Until the Court authorizes withdrawal,
>     the authority and the responsibility of the attorney shall

---

[1] The Court would also note that the consent does not contain a Certificate of Service, as required by L.R. 5.2(b).  Attached to the consent was a Memorandum to the Clerk of U.S. District Court, indicating that copies were sent to Paul Johnson and Maxon Davis.

continue for all proper purposes.

(Emphasis added). The Court is quite concerned about the situation that would be presented if Stephens is allowed to withdraw before another attorney appears. In a 2004 Preliminary Pretrial Statement, Stephens suggested that Watson may not have the capacity to understand legal proceedings and may be "unable to function...." in some circumstances. See *Plf.'s Preliminary Pretrial Statement* (*Court Doc. No. 45*) at 4-6. It is not apparent that Watson, as an incarcerated person, will be able himself either to secure other counsel or to correspond *pro se* with the Court and counsel for Defendants.

Based on the foregoing reasons, the Court will deny the motion to withdraw with leave to renew.

Regarding the request to vacate the Scheduling Order, Stephens states: "Under the circumstances of this case, it will take some additional time and effort for substituted counsel to make the transition." Although the Court is sympathetic with Stephens' personal and health concerns that necessitate his withdrawal, the Court is also concerned with the length of time this matter has been pending in the courts. Stephens initiated this action by filing the Complaint in state court in March 2002, nearly four years ago. The Court is required to apply the rules in a manner that secures the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

The Scheduling Order will not be vacated at this time.  If a renewed motion to withdraw is properly presented in a manner that addressed the concerns outlined above, scheduling issues will be reconsidered after new counsel has appeared.  The Court notes that the discovery deadline expired on December 30, 2005.  As provided in the Scheduling Order, this and other deadlines will not be extended absent compelling reasons.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Stephens' Motion to Withdraw as Counsel of Record (*Court's Doc. No. 53*) is **DENIED,** with leave to renew.  On or before **February 23, 2006,** Stephens may file a new motion that satisfies the requirements of the local rules.

(2) Stephens' Request to Vacate Scheduling Order Pending Substitution of Counsel (*Court's Doc. No. 53*) is **DENIED.**

(3) Pursuant to L.R. 83.9(b), Robert L. Stephens, Jr., shall continue as counsel of record pending the filing of the renewed motion.

DATED this 9th day of February, 2006.

> **/S/ Carolyn S. Ostby**
> Carolyn S. Ostby
> United States Magistrate Judge