IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| JAMES WATSON,<br><br>          Plaintiff,<br><br>     vs.<br><br>STATE OF MONTANA, MONTANA DEPARTMENT OF CORRECTIONS, MONTANA STATE PRISON, WARDEN MICHAEL MAHONEY, UNIT MANAGER PAUL LUCIER, and DAVID SCHAEFER,<br><br>          Defendants. | CV-04-16-H-CSO<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SANCTIONS** |

Pending before the Court is Defendants' motion for Rule 11 sanctions. See *Court's Doc. No. 127*. Having reviewed the parties' filings, the Court is prepared to rule.

**I.   BACKGROUND**

On June 15, 2006, Plaintiff James Watson's ("Watson") counsel Robert L. Stephens ("Stephens") delivered subpoenas duces tecum to the Montana State Prison for Defendants Paul Lucier ("Lucier") and David Schaefer ("Schaefer"). Defendant Mike Mahoney ("Mahoney") received his subpoena duces tecum on Friday, June 16th. The jury trial in this case was set to begin on Monday, June 19th. Each of the three subpoenas commanded the recipients to produce approximately two hundred documents by

June 19th.  See *Court's Doc. No. 127*, Exs. A-C.  Accordingly, Lucier and Schaefer were given approximately 1½ business days and Mahoney less than one business day to comply.

On June 16, Defendants filed a Combined Motion to Quash Subpoenas Duces Tecum and For Rule 11 Sanctions, and Brief in Support.  See *Court's Doc. No. 127*.  Defendants argued that the subpoenas were not properly served, were unduly burdensome, and were unnecessary.  The Defendants also requested sanctions.

On the morning of June 19th, prior to the start of the trial, the Court conducted an in-chambers conference on the record.  After giving Stephens an opportunity to be heard on Defendants' motion, the Court granted Defendants' motion and quashed the three subpoenas.  The Court noted numerous reasons for granting the motion, including: the subpoenas failure to tender milage pursuant to Rule 45(b)(1);[1] Stephens' failure to properly serve the subpoenas; and Stephens' failure to serve the subpoenas within a reasonable time pursuant to Rule 45(c)(3)(A)(i).  Rule 45(c)(3)(A)(i) states: "On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it [] fails to allow reasonable time for compliance...."  (Emphasis added).  The Court also expressed its disapproval with the subpoenas' request for discovery that should have been accomplished considerably before the eve of

---

[1] All references to Rules herein are to the Federal Rules of Civil Procedure unless otherwise indicated.

trial.

The Court reserved ruling on Defendants' motion for sanctions and ordered Watson to file a response on or before July 21, 2006. On June 29, 2006, Watson filed his response. See *Court's Doc. No. 148*. No reply was filed.

## II.  PARTIES ARGUMENTS

Defendants argue that pursuant to Rule 11, they should be "awarded their attorney's fees in bringing this motion, together with such further relief as this Court deems appropriate, under both the . . . Rules of Civil Procedure and its inherent powers to control the conduct of the litigants and counsel who appear before it." *Def.s' Combined Mot.* at 7. They contend that the three subpoenas demonstrate an improper motive, harassment, and bad faith and are "as obvious a violation of Rule 11 as one can imagine." Id. at 6.

Stephens responds by asserting that "he acted in good faith, but mistakenly when he had the subpoenas issued and served." *Plf.'s Memo of Law* at 1. He states that he believes "that he acted in good faith and not with the intent to subvert the purpose of the rules or the rules' requirements for the issuance and service of a Subpoena Duces Tecum upon a party." *Plf.'s Atty. Aff. in Response to Def.s' Mot. Rule 11 Sanctions* (hereafter "*Plf.'s Atty. Aff.*") at 4.

## III. DISCUSSION

Although the motion for sanctions was brought pursuant to Rule 11, it appears to the Court that Rule 45(c)(1) is more directly applicable.  The Ninth Circuit has held that Rule 11 should not be used where another rule applies more directly to the pleading at issue.  <u>Zaldivar v. City of Los Angeles</u>, 780 F.2d 823, 830 (9th Cir. 1986).  Rule 45(c)(1) is more applicable because "Rules 26(g) and 11 were apparently not deemed sufficient from their own positions to cover sanctions for subpoena abuse, so the sanction power was conferred in Rule 45 explicitly."  <u>See</u> David D. Siegel, *Practice Commentary C*45-20, Fed.R.Civ.P. 45.  In <u>Tiberi v. CIGNA Ins. Co.</u>, 40 F.3d 110, 112 (5th Cir. 1994), the court wrote:

> [T]here is neither warrant nor need to strain the express language of [Rules 26 and 37] given the ready applicability of another rule.  Rule 45(c)(1) specifically provides for sanctions, including 'lost earnings and a reasonable attorney's fee' against one issuing a vexatiously overbroad subpoena.

The text of Rule 45(c)(1), adopted in 1991, provides:

> A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

Under Rule 45, an attorney has the same authority to issue

subpoenas as does the Clerk of Court.  As an officer of the court, however, an attorney also has an "increased responsibility and liability for the misuse of this power." Productos Mistolin, S.A. v. Mosquera, 141 F.R.D. 226, 228 (D. P.R. 1992).  See also Highland Tank & Mfg. Co. v. PS Intern., Inc., 227 F.R.D. 374, 380 (W.D.Pa. 2005).

Courts have analyzed motions for sanctions pursuant to Rule 45(c)(1) in two ways.  The first approach holds that a party should only be sanctioned if the litigant's actions would warrant sanctions under Rule 11.  See Dravo v. Liberty Mutual Ins. Co., 160 F.R.D. 123, 128 (D. Neb. 1995) (citing Mann v. Univ. of Cincinnati, 152 F.R.D. 119, 126 n. 2 (S.D. Ohio 1993) ("When a violation of Rule 45 has been asserted, the assertion should be analyzed like a claimed violation of Rule 11").  The second approach requires a case specific analysis to determine the reasonableness of the litigants' actions.  See, e.g., Alexander v. Jesuits of Missouri Province, 175 F.R.D. 556 (D. Kan. 1997).  The Court finds the latter approach more compelling.

The reasonableness approach considers imposition of sanctions "only when the actions of the party responsible for issuing the subpoena are patently unreasonable." Orgulf Transport Co. v. Grillot Co., Inc., 1998 WL 313732, *2 (E.D. La. 1998).  Nonetheless, "when the burden placed upon the subpoenaed

witness is attributable to inadvertence as opposed to bad faith, and the party issuing the subpoena makes attempts to comply with Rule 45(c)(1)'s restraints, sanctions are inappropriate." Id.

Stephens argues that he issued the subpoenas in "good faith". *Plf.'s Atty. Aff.* at 4; *Plf.'s Memo of Law* at 1. A subpoena, however, "may be issued in 'good faith' but still may be improper if the party serving the subpoena has failed to 'take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena.'" Liberty Mutual Ins. Co. v. Diamante, 194 F.R.D. 20, 23 (D. Mass. 2000) (quoting Fed. R. Civ. P. 45(c)(1)).

The Court concludes that Stephens' actions were unreasonable. The subpoenas contained multiple defects. In addition to those noted on the record on June 19th, the subpoenas violated Rule 45(a)(1)(D) because they did not set forth the text of subdivisions (c) and (d) of Rule 45. Perhaps more importantly, they imposed an undue burden on the recipients of the subpoenas because they ordered production of a large quantity of documents in approximately one business day – the day before trial was to commence. Rule 45(c)(2)(B) contemplates that a person ordered to produce documents will have 14 days to respond. Although Stephens contends he acted in good faith, and the Court accepts his contention, a mere moment's reflection would have revealed that the subpoenas were unduly burdensome

and even a cursory reading of the governing rule would have revealed that the subpoenas were procedurally defective for multiple reasons.

Further, Stephens contends that "the Subpoenas Duces Tecum were not intended to function as impermissible discovery for production of documents, nor were they intended to act as a burdensome demand for production of original documents." *Plf.'s Atty Aff.* at 2.  He asserts that his concern was that "there would be an intentional vagueness on the part of the defense witnesses, and he simply wanted to avoid the task of dealing with evasive and time consuming responses in connection with foundational questions for the documents." Id. at 3.  This assertion falls flat, however, because some of the requested documents had already been admitted by the Court at the final pretrial conference, and several others were not objected to by Defendants.  In any event, any concerns Stephens had regarding the foundation for an exhibit should have been handled before the close of discovery, not a few days before the start of the trial.

Stephens admits that in hindsight "counsel should have analyzed the circumstances of his decision to issue the Subpoenas Duces Tecum, and the perceived problem might have been better addressed simply by placing a telephone call to the defense attorneys." Id. at 4.  While the Court appreciates

Stephens' candor, Rule 45(c)(1) requires that the Court "shall enforce this duty [to avoid undue burden on the recipient of the subpoena] and impose upon the party or attorney in breach of this duty an appropriate sanction...." Stephens is an experienced and seasoned trial attorney who understands, or should understand, the Court's obligation to enforce governing rules.

One may argue that there was no undue burden imposed because the subpoenas were quashed, and thus the Defendants were not required to produce any documents in response to the subpoenas. On this note, the Ninth Circuit Bankruptcy Appellate Panel has held: "When a subpoena should not have been issued, literally everything done in response to it constitutes 'undue burden or expense' within the meaning of Civil Rule 45(c)(1)." <u>Shubov v. Rakita</u>, 253 B.R. 540, 547 (B.A.P. 9th Cir. 2002). Here, defense counsel were required to divert their attention from preparation for the trial to prepare their motion to quash. The recipients of the subpoenas dealt with the uncertainties regarding their obligations until the subpoenas were quashed on Monday morning, June 19.[2]

Based on the foregoing, the Court finds that Stephens has breached his duty under Rule 45(c)(1) and that sanctions are

---

[2] The Court notes that it attempted to convene a telephone conference with counsel to discuss the motion to quash on Friday afternoon, June 16, but could not do so because Stephens was unavailable.

appropriate.  Thus, Stephens shall pay Defendants' reasonable costs and attorney's fees incurred in the making of their combined motion to quash the subpoenas.

## II. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

(1) Defendants' motion for Rule 11 Sanctions (*Court's Doc. No. 12*7) is **GRANTED** in part and **DENIED** in part.  Sanctions will not be granted pursuant to Rule 11, but will be assessed pursuant to Rule 45(c)(1).  Stephens shall pay Defendants' reasonable costs and attorney's fees necessarily incurred in the making of their Combined Motion to Quash Subpoenas Duces Tecum and For Rule 11 Sanctions.

(2) On or before **August 11, 2006,** Defendants shall file an affidavit setting forth their reasonable expenses necessarily incurred in filing their motion.  Stephens shall file his response thereto on or before **August 18, 2006.**  Defendants may file an optional reply thereto on or before **August 25, 2006.**  The Court will hold a hearing on the question of the amount of reasonable expenses if either party so requests.

DATED this 27th day of July, 2006.

/S/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge

-9-