IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| JAMES WATSON,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>STATE OF MONTANA, MONTANA DEPARTMENT OF CORRECTIONS, MONTANA STATE PRISON, WARDEN MICHAEL MAHONEY, UNIT MANAGER PAUL LUCIER, and DAVID SCHAEFER,<br><br>　　　　Defendants. | CV-04-16-H-CSO<br><br><br>**ORDER** |

　　On July 27, 2006, the Court granted Defendants' Motion for Sanctions (*Court's Doc. No. 152*) and, pursuant to Fed. R. Civ. P. 45(c)(1), ordered Plaintiff James Watson's counsel Robert L. Stephens ("Stephens") to pay Defendants' reasonable costs and attorney's fees necessarily incurred in the making of their Combined Motion to Quash Subpoena Duces Tecum and for Rule 11 Sanctions.

　　On August 11, 2006, Defendants filed the affidavit of Maxon R. Davis ("Davis") (*Court's Doc. No. 161*) setting forth the expenses necessarily incurred in filing their motion. Although ordered to file a response on or before August 18, 2006, Stephens did not respond. Under the Local Rules, Stephens' failure to file a response is deemed an admission that

Defendants' request is well taken.  See Local Rule 7.1(i).

The Court finds that Defendants' request is "reasonable". The "benchmark" for the award of attorney's fees is that the fees must be "reasonable." Penn. v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 562 (1986).  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  The product of this equation is known as the "lodestar".  The lodestar provides an "objective basis on which to make an initial estimate of the value of a lawyer's services." Id. at 433-34.  The lodestar "has emerged as the predominate element of the analysis" in determining reasonable attorney's fees.  Jordan v. Multnomah County, 815 F.2d 1258, 1262 (9th Cir. 1987).

Defendants claim a total of 7.3 hours worked by Davis and 2.9 hours worked by attorney James Donahue ("Donahue").  The Court finds that 10.2 hours of work is a reasonable amount of time to spend in preparing Defendants' motion.  Further, Stephens does not argue that the hours worked by Davis and Donahue are unreasonable.  Accordingly, the Court will award Defendants 10.2 hours of work.

Once the Court sets the number of reasonable hours, the Court must determine the reasonable hourly rate.  Davis claims

an hourly rate of $140.00 per hour and Donahue claims an hourly rate of $125.00 per hour.  When determining a reasonable hourly rate the Court must consider "the experience, skill, and reputation of the attorney requesting fees."  <u>Schwarz v. Sect. of Health & Human Servs.</u>, 73 F.3d 895, 906 (9th Cir. 1995) (citation omitted).  Reasonable hourly rates are to be determined "according to the prevailing market rates in the relevant community."  <u>Id</u>. (citing <u>Blum</u>, 465 U.S. at 895).  The "relevant community" is "usually the community in which the district court sits."  <u>Id</u>. (citation and internal quotation marks omitted).

The Court finds these rates to be reasonable hourly rates for the "experience, skill, and reputation" of Davis and Donahue.  Further, Stephens does not argue that Davis and Donahue's proposed hourly rates are unreasonable.  Accordingly, the Court awards Defendants $1,022.00 for Davis' 7.3 hours of work and $362.50 for Donahue's 2.9 hours of work, for a total of $1,384.50.

Based on the foregoing, IT IS HEREBY ORDERED that:

(1) Stephens shall pay to Defendants the amount of **One Thousand Three Hundred Eighty-Four Dollars and Fifty Cents ($1,384.50),** as reasonable costs and attorney's fees necessarily incurred by Defendants in the making of their Combined Motion to Quash Subpoena Duces Tecum and for Rule 11 Sanctions.

(2)  This amount shall be paid within twenty (20) days of the date of this Order.  Proof of said payment shall be filed with the Court on or before **September 29, 2006.**

DATED this 5th day of September, 2006.

/S/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge